UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                        Criminal Case No. 20-20412

CURTIS MANZELL FORTUNE,         Honorable Linda V. Parker

    Defendant.
_____/

**<u>OPINION & ORDER DENYING DEFENDANT'S MOTION FOR BOND OR REVOCATION OF ORDER OF DETENTION (ECF NO. 15)</u>**

Defendant Curtis Manzell Fortune is charged with four counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 16.) Defendant committed the alleged instant offenses while under the supervision of the United States Probation Office in the District of Minnesota for crimes committed in that district. (*See* 9/4/20 Am. Pet. on Supervised Release.) In his Motion for Bond or Revocation of Order of Detention (ECF No. 15), Defendant seeks review of the Magistrate Judge's Detention Order Pending Trial (ECF No. 10). The Government responded to Defendant's motion (ECF No. 25) and a hearing was held on October 1, 2020. After careful consideration of the record, the relevant law, and the parties' briefs, the Court denies the motion.

## APPLICABLE LAW

The Court applies a *de novo* standard when reviewing the detention order of a magistrate judge. *See United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. 2000).

A court may order the detention of the defendant if, by clear and convincing evidence, the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of any person and the community. 18 U.S.C. § 3142(f). In making this determination, the district court must take into account: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community is established where, as here, a "judicial officer finds that there is probable cause to believe that the [defendant] committed" one of the crimes listed in 18 U.S.C. § 3142(e)(3)(A)-(E). *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)(3)).

This presumption, however, may be rebutted by the defendant. *See* 18 U.S.C. § 3142(e)(3). In rebutting the presumption, the defendant must come

"forward with evidence that he does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)) (internal quotation marks omitted). The defendant's "burden of production 'is not heavy.'" *Id*. (quoting *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991)). While the defendant has the "burden of production," the "burden of persuasion" stays with the government. *Id*. Even if a defendant has satisfied his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*. (quoting *Mercedes*, 254 F.3d at 436) (internal quotation marks omitted).

## ANALYSIS

The Court finds that all four factors of § 3142(g) favor detention pending trial. The record demonstrates, by clear and convincing evidence, that there are no conditions of release that will reasonably assure the safety of other persons and the community.

As to the first factor, the nature and circumstances of the offense charged, § 3142(g) instructs courts to specifically consider whether the charge involves a controlled substance or firearm. *See United States v. Hinton*, 113 Fed. Appx. 76, 78 (6th Cir. 2004) ("Congress has determined that drug offenders pose a special risk of flight and dangerousness to society."). While this Court does not believe

3

that all drug offenders pose the same magnitude of special danger to society, this case involves the distribution of methamphetamine, heroin, fentanyl, and cocaine. (*See* ECF No. 16.) Defendant's actions in this case created dire health risks to the community. Accordingly, the Court finds that this factor weighs in favor of detention.

Second, the weight of the evidence against Defendant is substantial and favors detention pending trial. "This factor goes to the weight of evidence of dangerousness, not the weight of the evidence of defendant's guilt." *Stone*, 608 F.3d at 948. In addition to the dangerous nature of Defendant's charges, Defendant's criminal history shows that he has previously engaged in dangerous and harmful conduct. The record indicates that Defendant has been convicted of or pleaded guilty to crimes related to possessing, delivering, or distributing narcotics on at least three separate occasions—one of these occasions involved possessing a firearm during the drug trafficking crime. (Bail Report at Pg. 4-6.) The possibility of continued narcotics trafficking constitutes a danger to the community. Indeed, Defendant's history of engaging in narcotics-related activity paired with the instant charges establishes that the weight of the evidence of his dangerousness is significant.

The third factor, the history and character of the defendant, also weighs in favor of the detention of Defendant pending trial. Defendant's criminal history

shows Defendant has engaged in a pattern of narcotics-related offenses. (*Id.*) Moreover, contrary to representations Defendant made to the Probation Office in the District of Minnesota, the Pretrial Service Office in the Eastern District of Michigan, and this Court, it appears Defendant has not maintained employment as an electrician at Tradesmen International for more than a single month over the past four years. During the hearing, defense counsel did not provide information regarding any other employment Defendant has maintained. Yet, Defendant managed to gamble tens of thousands of dollars during each month of 2019 at a casino in Detroit, Michigan. (Ex. D, ECF No. 24.) Contrary to representations Defendant made to the Probation Office in the District of Minnesota and in violation of the terms of his supervised release, Defendant left the District of Minnesota regularly without the permission of his probation officer. Defense counsel did not dispute this. And contrary to representations Defendant made to the Pretrial Services Office in this district regarding his ownership of a single residence in Michigan, Pretrial Services found seven properties titled to Defendant in the state. Defense counsel suggested that Defendant no longer holds the title to some of these properties. Still, Defendant's ownership of several properties arguably creates opportunity for him to coordinate narcotics trafficking through various locations. Moreover, misrepresentations to the Probation Office signal to the Court Defendant's lack of respect for its authority. These misrepresentations

do not bode well for the Court's anticipation of the Defendant's willingness to comply with any bond conditions that would be imposed.

And while Defendant argues that his asthma and COPD put him at an increased risk of severe illness if he were to contract COVID-19 while detained, the record does not show that Defendant has been diagnosed with any of these conditions.[1]  Even if Defendant had one of these conditions, the Court finds that the safety risk that the community would face if the Court were to release Defendant is outweighed by any such risk of illness.   Ultimately, though Defendant has not been convicted of a violent crime, the Court finds that his history and characteristics weigh in favor of detention.

As to the fourth factor, the nature and seriousness of the danger posed by Defendant's release, the Court cannot ignore that he violated the terms of the supervised release that followed a narcotics trafficking crime by allegedly committing new narcotics offenses.   This reality leads the Court to conclude that Defendant will likely have low regard for any terms and conditions of bond and, as

---

1 It is widely acknowledged, based on expert guidance, that there may be a greater risk of COVID-19 infection for incarcerated individuals and a particular risk of serious outcomes for infected individuals who have certain underlying medical conditions.   One of these medical conditions is moderate-to-severe asthma. Coronavirus Disease 2019 (COVID-19), CDC, https://perma.cc/CY2D-C688. Notably, as noted above, the record does now show that Defendant has been diagnosed with asthma, much less a "moderate" or "severe" from of the condition.

a result, leads the Court to conclude that Defendant poses a danger to the community if released.

## CONCLUSION

Though the Court notes that Defendant faces a lengthy term of imprisonment if convicted, the parties have not presented the Court with any evidence that suggests Defendant would not appear.   Even so, based on an examination of the relevant factors, the Court finds that Defendant has failed to overcome the presumption of detention and that the United States has established, by clear and convincing evidence, that there are no conditions of release that will reasonably assure the safety of other persons and the community.   Thus, Defendant shall remain detained.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Bond or Revocation of Order of Detention (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: October 30, 2020